LOTTINGER, Judge.
On November 14, 1914, Delphine Jackson, a resident of the Parish of East. Baton Rouge, Louisiana, departed her life. ' She had several - children, some of whom predeceased her and some of whom survived her. ' On February 16, 1951, in the Parish of East Baton Rouge, two of Delphine Jackson’s children, Hattie Gaines -Cain and Hettie Gaines Smith, filed a petition asking to be recognized as the sole and only heirs of their deceased mother, and, in due course, they were placed in possession of an undivided one-half each of all the property left by Delphine Jackson.
The present suit was filed by Elizabeth Gaines Ross, Mary Helton Cunningham and John Dennis Helton to have the judgment of possession rescinded and recalled. Petitioners further prayed that they be recognized as heirs of the decedent, Delphine Jackson, and as such, be put into possession of their proportionate share of her estate. Their contention that they are heirs of Del-phine Jackson was based on the fact that they are descendants of Henry Gaines, who was a son of Delphine Jackson. After the original suit was filed, the plaintiffs filed an amended petition alleging that Henry *128 Gaines had departed this life on March 20, 1949, in Orleans Parish, and that he had survived his mother. 'In the supplemental petition, the plaintiffs pointed out that they did not inherit hy representation, as originally alleged, hut that, as Henry Gaines had survived his mother, the judgment of possession in the Succession of Delphine Jackson should have recognized him as a forced heir and as such he should have been sent into possession of an undivided one-third of her estate. • Hattie Gaines Cain and Hettie Gaines Smith-filed an answer to the amended petition wherein they admitted that Henry Gaines survived his mother and also that at the time of his death he was a resident of Orleans Parish.
At trial below, a stipulation was entered into by counsel for all parties to the effect that Delphine Jackson died on November 14, 1914; that at the time of her death, Plenry Gaines was her legal son; that Henry Gaines died in the Parish of' Orleans, Louisiana, on March 20, 1949; that at the time of his death Henry Gaines was domiciled in Orleans Parish, Louisiana.
Counsel for plaintiffs offered in evidence the stipulation and a certified copy of judgment in the suit bearing Docket No. 290-937 of the Civil District Court of the Parish of Orleans, being the judgment issued hy the Orleans District Court in the matter entitled “Succession Henry Gaines”. This judgment recognized petitioners, Elizabeth Jackson Ross, Mary Plelton 'Cunningham, and John Dennis Helton as the sole and only heirs of the late Henry Gaines. Thereafter, counsel for defendant attempted to -offer evidence relative to establishing that petitioners were not the legal heirs of Henry Gaines. Counsel for plaintiff objected to any evidence along these lines on the grounds that the sole question before the Court was whether or not Henry Gaines was an heir of Delphine Jackson. The Lower Court granted judgment recognizing Henry Gaines in addition to Hattie Gaines Cain and Hettie Gaines Smith as the heirs of deceased, Delphine Jackson. The defendants,' Hattie Gaines Cain and Hettie Gaines Smith have appealed.
The Succession of Delphine Jackson consisted of a tract of land in the Parish of East Baton Rouge comprising eighty-one acres. Since this appeal was taken, the defendants have filed a motion in this Court alleging that the property in question has been valued at the sum of $22,275 and attaches to their said motion a sworn ap-praisement of the said property wherein it was valued at said amount.
There is nothing in the record before us as to the value of the property in question. If the value as stated in defendants’ motion is in the sum of $22,275, then this Court would be without appellate jurisdiction in the matter. Article 7, § 10, of the Louisiana Constitution of 1921, relative to the appellate jurisdiction of the Supreme Court, states, “The Supreme Court * * * shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest * * The amount in dispute would be the value of the property in dispute.
If the value of the property, as stated in defendants’ motion is correct, this Court would be without appellate jurisdiction in this matter and, consequently, any judgment rendered by this Court would be null and void.
We believe, therefore, that in fairness and justice to all parties concerned this matter should be remanded to the Lower Court for evidence as to the value of the property in controversy. After such value has been established, further disposition of the matter should be in accordance with law.
For the reasons assigned, the matter is remanded to the Lower Court for the purpose of establishing the value of the property in controversy, and for further disposition in accordance with law.
Remanded.